SERVICE COPY

EXHIBIT A

STATE OF MAINE                                    DOCKET NO.
CUMBERLAND, ss.

---

SADIE DONNELL, of Gorham, County of
Cumberland, State of Maine,

and

CHRISTOPHER SMITH, of Portland, County of
Cumberland, State of Maine

      Plaintiffs

v.

LOGISTICARE SOLUTIONS, LLC, a
limited liability corporation
operating in the State of Maine,

      Defendant

---

## COMPLAINT

Now come Plaintiffs, by and through undersigned counsel, and hereby complain against

Defendant as follows:

1.     Plaintiff Sadie Donnell ("Donnell") is a resident of the Town of Gorham, County

of Cumberland, state of Maine.

2.     Plaintiff Christopher Smith ("Smith") is a resident of the City of Portland, County

of Cumberland, state of Maine.

3.     Defendant LogistiCare Solutions, LLC ("LogistiCare") is a limited liability

corporation operating in the state of Maine.

1

4.     In 2018 and 2019, Donnell and Smith filed complaints with the Maine Human Rights Commission against LogistiCare.

5.     The complaints arose out of LogistiCare's discrimination against them based on disability when Defendants failed to hire them because of their disability, blindness.

6.     In December of 2019 and January of 2020, Donnell and Smith entered into a Settlement Agreement with LogistiCare. A copy of the Settlement Agreement is attached hereto as Exhibit A (hereafter "Agreement").

7.     An essential component of the Agreement was a provision that LogistiCare would provide accessible software. See Agreement, para. IV (B) (2).

8.     Another specific component of the Agreement required regular testing of the software accessibility as follows: See Agreement, para. IV (B) (3).

9.     Despite the clear and direct requirements in the Agreement as it related to accessible software and regular testing of software accessibility, LogistiCare has totally and completely failed to comply with those requirements. LogistiCare was and is fully able to comply with these terms in the Agreement but has refused to do so despite Donnell and Smith's repeated, clear, and direct demands.

10.     LogistiCare has made multiple excuses for their unquestionable failure to comply with these terms of the Agreement, but at all times LogistiCare has been fully able to comply with the terms of the settlement agreement but has not done so.

11.     Even the very initial requirement that LogistiCare, within 45 days of the Agreement, implement phase one of LCAD Dash was never complied with, and instead of complying with the Agreement, LogistiCare decided to spend its time and resources providing explanations for their failure to comply instead of actually complying.

12.      To this day, LogistiCare has not complied with the provisions requiring accessible software and regular testing of the software's accessibility, now a year and a half since LogistiCare entered into the settlement agreement with Donnell and Smith.

13.      LogistiCare's failure was willful and intentional.

14.      The Agreement between Donnell and Smith and LogistiCare was a binding contract. Donnell and Smith complied with all of their obligations under the Agreement, while LogistiCare has not.

15.      LogistiCare's conduct amounts to a breach of contract with Donnell and Smith.

16.      Donnell and Smith are entitled to specific performance of the Agreement.

17.      At the time that LogistiCare entered into the Settlement Agreement with Donnell and Smith, it represented that it had the ability to implement Phase One of LCAD Dash within 45 days and implement phase two of LCAD Dash within 1 year. LogistiCare's representations in this regard were false. LogistiCare's false information was provided for the guidance of Donnell and Smith in their agreement to enter into the settlement agreement. LogistiCare is liable for damages caused to Donnell and Smith as they justifiably relied upon the false information provided by LogistiCare. LogistiCare failed to exercise reasonable care or competence in providing the false information to Donnell and Smith.

18.      LogistiCare's representations that it had the ability to implement phase one of LCAD Dash within 45 days of the Agreement, and the ability to implement phase two of LCAD Dash within 1 year of the agreement were fraudulent. LogistiCare's false representations were of material facts and were made with knowledge of their falsity or in reckless disregard of whether the representations were true or false. The false representations were made by LogistiCare for the

purpose of inducing Donnell and Smith to enter into the Agreement and not further pursue their complaints against LogistiCare. Donnell and Smith acted upon these false representations and they relied upon the false representations. Donnell and Smith were induced to act upon the false representations and did not know the representations were false, and by the exercise of reasonable care Donnell and Smith could not have ascertained their falsity. Donnell and Smith were damaged by the false representations as they entered into the Agreement with LogistiCare based on LogistiCare's false representations and gave up their legitimate claims against LogistiCare.

## COUNT I

### (Breach of Contract)

19.     Plaintiffs repeat and reallege paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant and Plaintiffs had a contract and Defendant breached the contract by failing to comply with its terms.

21.     Plaintiffs are entitled to specific performance of the contract.

22.     Plaintiffs have suffered damages as a result of the breach of contract.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully require this court enter judgment in their favor against Defendant and order Defendant to comply with the terms of the Agreement, award Plaintiffs damages, and whatever other relief this court deems just and equitable.

## COUNT II

### (Negligent Misrepresentation)

23.     Plaintiffs repeat and reallege paragraphs 1 through 22 as if fully set forth herein.

4

24.     Defendant provided false information for the guidance of Plaintiffs in the course of their agreement to enter into the Agreement. Plaintiffs relied on Defendant's representations and their reliance was justifiable. Defendant failed to exercise reasonable care or competence in communicating the false information.

25.     As a result of Defendant's negligent misrepresentations, Plaintiffs have suffered damages.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendant, award them damages, and whatever other relief this court deems just and equitable.

## COUNT III

### (Fraud)

26.     Plaintiffs repeat and reallege paragraphs 1 through 25 as if fully set forth herein.

27.     Defendant made false and material representations to Plaintiffs, which Defendant knew to be false or were made recklessly as an assertion of fact without knowledge of the truth or falsity of the statements. The material and false representations were made with the intention that Plaintiffs would act upon the statements, and Plaintiffs acted upon the statements to their damage and detriment. Plaintiffs were induced to act upon the material and false representations and did not know the representations to be false.

28.     Defendant's actions were intentional and knowing. Defendant's actions were so outrageous that malice can be implied.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment in their favor against Defendant and award them damages, include punitive damages, and whatever other relief this court deems equitable.

DATED: July 28, 2021

Kristin L. Aiello, Bar No. 008071
Senior Attorney
DISABILITY RIGHTS MAINE
160 Capitol Street, Suite 4
Augusta, ME  043340
(207) 626-2774 ext. 223
kaiello@drme.org



## SETTLEMENT AGREEMENT FOR INJUNCTIVE RELIEF
## AND RELIEF IN THE PUBLIC INTEREST

Sadie Donnell v. LogistiCare, E18-0451
Christopher Smith v. LogistiCare, E19-0025

### I.  BACKGROUND

Complainants Sadie Donnell and Christopher Smith have each alleged that Respondent LogistiCare discriminated against them based on disability when it failed to hire them because of their disability. This Agreement is a compromise of a disputed claim. LogistiCare expressly disclaims any liability whatsoever and denies that it has violated any federal or state laws or otherwise discriminated against Complainants.

### II.  GENERAL PROVISIONS

A.  This Settlement Agreement ("Agreement") is entered into by and between the Complainants, Sadie Donnell ("Donnell") and Christopher Smith ("Smith") and LogistiCare, collectively referred to as "the parties."

B.  This Agreement relates to complaints number E18-0451 and E19-0025 filed with the Maine Human Rights Commission.

C.  In exchange for the promises made by LogistiCare in this Agreement and in the separate agreements for individual monetary relief, Donnell and Smith agree to request to terminate the proceedings at the Maine Human Rights Commission and the EEOC. This Agreement does not limit the Commission's and the EEOC's authority in any other way.

D.  LogistiCare acknowledges that the MHRA and the ADA prohibit discrimination or retaliation of any kind against Donnell and Smith because Donnell and Smith filed complaints with the Commission. LogistiCare also acknowledges that the MHRA and the ADA prohibit unlawful discrimination in employment on the basis of physical disability and mental disability.

E.  LogistiCare and Disability Rights Maine will agree to a joint public statement announcing the Implementation of Software Accessible to Blind Employees and Applicants, which include the provisions in this agreement. The joint statement is attached hereto as Exhibit A.

F.  The parties agree that this Agreement may be specifically enforced in Court.

G. No amendment to, modification of, or waiver of any provision of this Agreement shall be effective unless: (a) all signatories to it are notified in advance of the proposed amendment, modification, or waiver, (b) the amendment, modification or wavier is in writing, (c) the amendment, modification or wavier is approved and signed by all signatories or their successors and assigns; and (d) any amendment to, modification of or waiver of any provision of this Agreement is submitted to and approved by the Commission. Any such amendment, modification or wavier or consent shall be effective only in the specific instance and for the specific purpose for which it is given.

H. The parties acknowledge that the terms set forth herein are contractual and not merely a recital of the parties' intentions. The parties state that they have read and fully understand the significance of the provisions of this Agreement and their obligations thereunder.

I. The parties acknowledge that this Agreement and the private agreements for individual relief is a voluntary and full resolution of the Complaint. No person has been coerced, intimidated, threatened, or in any way forced to become a party to it.

J. In a court proceeding to enforce this Agreement, should any provision of this Agreement be determined to be invalid, the validity of the remaining provisions shall not be affected thereby, and said invalid provision shall be deemed to not be part of this Agreement.

III.   INDIVIDUAL RELIEF FOR DONNELL AND SMITH

A. Donnell has agreed to a separate Settlement Agreement and Mutual Release which incorporates the terms of this Settlement Agreement for Injunctive Relief and includes individual relief to Donnell.

B. Smith has agreed to a separate Settlement Agreement and Mutual Release which incorporates the terms of this Settlement Agreement for Injunctive Relief and includes individual relief to Smith. .

IV.   INJUNCTIVE RELIEF AND RELIEF IN THE PUBLIC INTEREST

A. Assurances of non-discrimination

1. LogistiCare acknowledges that it is an "employer" subject to the non-discrimination mandates of the MHRC, the ADA and state and federal non-discrimination regulations, and agrees that it will comply with the provisions of

the MHRA, ADA and state and federal regulations that prohibit discrimination by employers on the basis of disability.

2. LogistiCare acknowledges that state and federal law provides that it is unlawful for an employer to refuse or fail to provide reasonable accommodation to employees and applicants who are blind.

3. LogistiCare will not discriminate against any employee or applicant for employment on the basis of disability. Specifically, and without limitation, LogistiCare will not utilize any method of administration that has the effect of discriminating against and perpetuating discrimination against blind employees through its disparate impact on them. 42 U.S.C. § 12112(b)(3).

4. LogistiCare will implement specific policies and procedures to avoid discrimination based on physical or mental disability. LogistiCare will implement specific policies and procedures, including (i) informing applicants and employees of the right to reasonable accommodation; (ii) advising its applicants and employees of the process to follow to respond to inquiries and information presented regarding reasonable accommodation; (iii) advising its applicants and employees of the process to follow to request reasonable accommodations; (iv) instructing its supervisors/managers regarding the process to follow to receive and respond to such inquiries, information and accommodation requests.

5. The obligations made by LogistiCare apply to all locations in Maine which LogistiCare owns, operates, manages, or leases or does business.

B. Practice and Policy Revisions and Implementation of Software Accessible to Blind Employees and Applicants

1. ADA Coordinator: Within thirty (30) days of the effective date of this agreement, LogistiCare will designate an employee or consultant to address employment-related ADA issues. The designated employee(s) will serve as the primary contact for disability-related issues and concerns raised by applicants for employment and employees.

2. Accessible software: Within forty-five (45) days of the effective date of this agreement, LogistiCare will implement phase one of LCAD Dash which allows blind employees to operate as Where's My Ride CSRs. Within one (1) year of the effective date of this agreement, LogistiCare will implement phase two of LCAD Dash which allows blind employees to operate as Reservations CSRs. By

December 31, 2020, LogistiCare will develop an IT Strategic Plan addressing accessibility of its employee facing software.

3. <u>Regular testing of software accessibility</u>: LogistiCare will contract with a qualified technology consultant and/or will employ an automated accessibility testing tool to effectively and accurately review and test LCAD Dash and any other employee facing software regularly used by CSRs for conformity with access standards annually and after any software update  If this testing exposes any access issues, LogistiCare will take such steps as necessary to remedy the issues in a timely manner. Within one year of the effective date of this agreement, LogistiCare will invite Donnell, Smith, and/or individuals recommended by the Iris Network to review and test LCAD Dash for access and usability of blind employees.

4. <u>Review of application process</u>: Within forty-five (45) days of the effective date of this agreement, LogistiCare will review its job application procedures to ensure that they are compliant with anti-discrimination statutes. This review will include a review of job listings to ensure that instructions for requesting reasonable accommodations are clearly stated and to ensure that only essential job functions are included as mandatory requirements. LogistiCare will ensure that it does not use qualification standards, employment tests, or other selection criteria that screens out or tends to screen out an individual with a disability or a class of individuals with disabilities. 29 C.F.R. § 1630.10; 42 U.S.C. § 12112(b)(6).

5. <u>Complete review of policies</u>.  Within forty-five (45) days of the effective date of this agreement, LogistiCare will complete a review of its policies to determine what changes, if any, are needed to prevent employment disability discrimination, which will include but is not limited to requests for reasonable accommodation and the use of assistive technology for applicants and employees who are blind. This review shall assess and propose changes, if any, to ensure the adequacy of LogistiCare's policies and procedures related to identifying for the public and LogistiCare's employees and applicants at least the following: (a) the state and federal laws that prohibit disability discrimination in Maine; (b) what types of disabilities and discrimination these laws cover; (c) what is and is not lawful for LogistiCare to do related to requests for reasonable accommodation; (d) how and to whom a request for a reasonable accommodation may be presented; (e ) how LogistiCare must/will consider and respond to a request for a reasonable accommodation, including specific information for LogistiCare's supervisors and managers; and (f) how a person may seek review of LogistiCare's actions related to denials of requests for accommodations for individuals with disabilities.

C.    <u>Trainings</u>

1. Within 120 days of the effective date of this Agreement, LogistiCare will provide proof of training by a qualified trainer for its employees, managers and supervisors at all Maine locations about how to avoid disability discrimination and how lawfully to consider and respond to reasonable accommodation requests. LogistiCare will publicize its accessibility for blind applicants and employees to all HR managers at LogistiCare and recruiters, including but not limited to the Bureau of Rehabilitation Services and Bureau of Employment Services in Maine.

D.   Reporting

1. Within 120 days of the effective date of this Agreement, Respondent will provide to counsel for Donnell and Smith a report summarizing its compliance with this agreement.

V.   EFFECTIVE DATE

This Agreement becomes effective upon signing by all parties. It shall not affect the validity of this agreement if the parties sign separate copies, provided that all copies are otherwise identical.

I agree to the provisions contained herein:

Dated: 12/27/2019

Complainant Sadie Donnell

Dated: _____

Complainant Christopher Smith

Dated: 1/15/2020

Respondent LogistiCare

By (Print Name and Title):

Kevin Dotts

Chief Financial Officer

1. Within 120 days of the effective date of this Agreement, LogistiCare will provide proof of training by a qualified trainer for its employees, managers and supervisors at all Maine locations about how to avoid disability discrimination and how lawfully to consider and respond to reasonable accommodation requests. LogistiCare will publicize its accessibility for blind applicants and employees to all HR managers at LogistiCare and recruiters, including but not limited to the Bureau of Rehabilitation Services and Bureau of Employment Services in Maine.

D.   Reporting

1. Within 120 days of the effective date of this Agreement, Respondent will provide to counsel for Donnell and Smith a report summarizing its compliance with this agreement.

V   EFFECTIVE DATE

This Agreement becomes effective upon signing by all parties. It shall not affect the validity of this agreement if the parties sign separate copies, provided that all copies are otherwise identical.

I agree to the provisions contained herein:

Dated: _____

Dated _____
Christopher Smith
Dated: 1|24|2020

By (Print Name and Title):

Complainant Sadie Donnell
_____

1/21/2020
Complainant Christopher Smith
_____

Respondent LogistiCare

Kevin Dotts
Chief Financial Officer

EXHIBIT A

JOINT PUBLIC STATEMENT

LogistiCare Solutions, LLC and Disability Rights Maine are pleased to announce that LogistiCare is implementing new software making its Customer Service Representative positions accessible to Blind employees and applicants. LogistiCare is an Equal Opportunity Employer and does not discriminate against any employee or applicant for employment on the basis of disability.